**Joel A. Parker**, OSB #001633
Email: jparker@schwabe.com
**David A. Anderson**, OSB #092707
Email: danderson@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

Attorneys for Defendant, KeyBank National Association


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| **ROBERT L. FOSTER,** | No. _____ |
| Plaintiff, | Electronic Funds Transfer Act |
| vs. | |
| **KEYBANK NATIONAL ASSOCIATION,** | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION) |
| Defendant. | |


**TO:    THE CLERK OF THE ABOVE-ENTITLED COURT**

Please take notice that defendant KeyBank National Association (hereafter referred to as

"Removing Party") hereby gives notice of the removal of this action from the Circuit Court of

the State of Oregon, County of Marion, where it is currently pending, to the United States

District Court for the District of Oregon, Eugene Division pursuant to 28 U.S.C. §§1331, 1441,

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\027890\192179\DAA\12210637.1

and 1446.  As addressed below, a federal question exists in this action as defined under 28 U.S.C. §1331.  In support of this removal, Removing Party states as follows:

1.

## INTRODUCTION AND BACKGROUND

On August 12, 2013, plaintiff filed a Complaint ("Complaint") captioned *Robert L. Foster v. KeyBank National Association*, in the Circuit Court of the State of Oregon, County of Marion, Case No. 13C19281.  (*See* Compl., attached hereto as Exhibit A).  Plaintiff Robert L. Foster ("Plaintiff") alleges claims for breach of contract and violation of the Electronic Funds Transfer Act, 15 U.S.C.S. § 1693 *et. seq.* ("EFTA").  (See Compl., ¶¶ 8-20).

2.

As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1446 because (1) Removing Party has satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1441(c).

3.

## REMOVING PARTY HAS SATISFIED
## THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Plaintiff served Removing Party with a Summons and Complaint on August 12, 2013.

4.

Pursuant to 28 U.S.C. §1446, a defendant desiring to remove a civil action from state court may do so by filing a notice of removal in the district court of the United States for the district and division where the action is pending within thirty (30) days of receiving Plaintiff's initial pleading.  28 U.S.C. §§ 1446(a), (b).  Removal is timely pursuant to 28 U.S.C. § 1446(b)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

because less than thirty (30) days have passed since Plaintiff served the Complaint on the Removing Party.

5.

Pursuant to 28 U.S.C. §117 and LR 3-2(a)(3), the United States District Court for the District of Oregon, Eugene Division, is the federal judicial district and division encompassing the Circuit Court of the State of Oregon, County of Marion, where this lawsuit was originally filed. Venue is thus proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.

As required by 28 U.S.C. § 1446(a), Removing Party attached to this Notice a copy of all process, pleadings and orders served upon it as Exhibit A.

7.

As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit Court of the State of Oregon, County of Marion. A true and correct copy of "Notice that Action has been Removed" filed in the Circuit Court of the State of Oregon, County of Marion, is attached hereto as Exhibit B. A copy of the "Notice to Plaintiff of Removal of Action Under 28 U.S.C. §§ 1331,1441, and 1446 (Federal Question)" that Removing Party served on plaintiff contemporaneously to filing this Notice is attached to this Notice as Exhibit C.

/ / /

/ / /

Page 3 -    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§ 1331, 1441, AND 1446 (FEDERAL QUESTION)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503 222.9981
Fax: 503.796.2900

8.

## REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER

## JURISDICTION UNDER 28 U.S.C. §§1331 AND 1441.

Plaintiff alleges that defendants interfered with and violated his rights under the federal EFTA, 15 U.S.C.S. § 1693 *et. seq.*, in addition to a state law claim for breach of contract.

9.

All state law claims are subject to removal based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's breach of contract claim arises out of the same alleged transaction or occurrence as Plaintiff's EFTA claim over which this Court has original jurisdiction.

10.

Removing Party is the only defendant in this action, so all defendants in the state court action consent to the removal of this action.

11.

Despite this Court's subject matter jurisdiction, the contract between the parties that is subject to this dispute contains an arbitration agreement. Removing Party intends to file a motion to compel arbitration upon effective removal of this case into this Court in the event the parties cannot stipulate to arbitration.

/ / /

/ / /

Page 4 -     NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.
§§ 1331, 1441, AND 1446 (FEDERAL QUESTION)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\027890\192179\DAA\12210637.1

**WHEREFORE**, the Removing Party prays that the above-entitled action be removed from Marion County Circuit Court to the United States District Court for the District of Oregon, Eugene Division, for all further proceedings.

Dated this 6th day of September, 2013.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:  _____
    Joel A. Parker, OSB #001633
    David A. Anderson, OSB #092707
    Telephone: 503.222.9981
    Facsimile: 503.796.2900
    Of Attorneys for Defendant,
    KeyBank National Association

Trial Attorney:  Joel A. Parker, OSB #001633

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\027890\192179\DAA\12210637.1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

STATE OF OREGON
Marion County Circuit Courts
AUG 21 2013
FILED

FOR THE COUNTY OF MARION

ROBERT L. FOSTER,                        )
                                         )   No. 13C19281
                        Plaintiff,       )
                                         )
STATE OF OREGON                          )
Marion County Circuit Courts            )   **RETURN OF SERVICE**
KEYBANK NATIONAL                         )   **AFFIDAVIT**
ASSOCIATION,    AUG 23 2013              )
                                         )
            ENTERED   Defendant.         )

After being received by Archangel Process Service to be served on KeyBank National Association, ("Defendant") whose offices are located at 416 State Street, Salem, OR 97301,

I, Jeffrey Scott Eberz, do hereby affirm that on the 12th day of August 2013, at about 3:16 p.m., and at the above described address, personally delivered to Defendant certified true and correct copies of the Summons, Complaint, and Case Assignment Notice in the above-entitled action.

The aforementioned documents were accepted for service by Mary Ray, Lead Teller for Defendant, and were served in the manner prescribed in ORCP (2011) 7D(2)(c), Office Service.

I am a competent person over 18 years of age and a resident of the State of Oregon. I am neither a party to, nor an officer, director, employee of, nor an attorney for any party in this case. The individual/party served by me in this case is the same person/entity named in the above captioned civil action.

_____          8/12/13
J. Scott Eberz, Process Server                    Date
ARCHANGEL PROCESS SERVICE
5652 Kessler Dr. SE
Salem OR 97306
(503) 409-6104 – voice
Fee: $35.00

EXHIBIT A
Page 1 of 11

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | | |
|---|---|---|
| ROBERT L. FOSTER, | ) | No. 13C19281 |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| KEYBANK NATIONAL | ) | |
| ASSOCIATION | ) | |
| Defendant. | ) | |

**TO:    KeyBank National Association, Defendant.**

IN THE NAME OF THE STATE OF OREGON, you are hereby required to appear and answer the Complaint filed against you in the above-entitled court and cause within thirty (30) days from the date of service of this Summons upon you; and if you fail so to answer, for want thereof, the plaintiff will apply to the above-entitled court for the relief demanded in the Complaint.

* * * * *

**NOTICE TO DEFENDANT:  READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically.  To "appear," you must file with the court a legal paper called a "Motion" or "Answer."  The "Motion" or "Answer" must be given to the court clerk or administrator within thirty (30) days of the date of first service along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at **www.oregonstatebar.org** or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

| | |
|---|---|
| To the best of our knowledge, KeyBank National Association can be served at: | Garrett Hemann Robertson P.C. |
| 1211 SW 5th Avenue, Suite 300 Portland OR 97204,  Phone (503) 790-7406 | J. Kevin Shuba (OSB No. 914263) |
| and | P.O. Box 749 |
| Key Bank | Salem OR 97308-0749 |
| 416 State Street, Salem OR 97301 | Phone:  (503) 581-1501 |
| Ph (503) 399-2239 | |

Summons:
Foster v. Key Bank

n:\wpdocs\2903\4003\summons-keybank.doc\jlt:JLT
8/8/13 08:24:00

EXHIBIT A
Page 2 of 11

STATE OF OREGON
Marion County Circuit Courts

AUG 0? 2013

ENTERED

STATE OF OREGON
Marion County Circuit Courts

AUG 08 2013

FILED

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

ROBERT L. FOSTER,

                Plaintiff,

          vs.

KEYBANK NATIONAL
ASSOCIATION

                Defendant.

No. 13C19281

**COMPLAINT**
**(Breach of Contract, Electronic Funds Transfer Act)**

($104,763)

(OR Laws 2012, Ch 48, Sec 2;
ORS 21.160(1)(c))

GARRETT HEMANN ROBERTSON P.C.
WILLAMETTE PROFESSIONAL CENTER
1011 COMMERCIAL STREET NE
P.O. BOX 749, SALEM, OREGON 97308-0749
TELEPHONE (503) 581-1501 FACSIMILE (503) 581-5891

Plaintiff, Robert L. Foster, by and through his attorney J. Kevin Shuba of Garrett Hemann Robertson P.C. alleges as follows;

1.

Plaintiff at all material times mentioned herein, was and is a resident of Marion County, Oregon.

2.

Defendant, Key Bank, is a National Association which at all material times mentioned herein, has and does conduct regular, sustained business activity in Marion County, Oregon.

3.

On or around February 22, 2011, plaintiff and defendant entered into a contractual agreement (the "Contract") for defendant to provide plaintiff with a personal deposit account. Pursuant to the terms of the Contract, defendant was prohibited from initiating unauthorized electronic transfers of funds from plaintiff's account.

////

COMPLAINT:
Foster v. Key Bank

n:\wpdocs\29034003\complant.doc\jmh.JLT
8/8/13 08:24:00
**EXHIBIT A**
**Page 3 of 11**

4.

Beginning on or about September 9, 2012 through about October 2, 2012 defendant initiated electronic transfers totaling $34,921.05, at the direction of Steven Ray Zornow ("Zornow"). The electronic transfers caused by defendant at the direction of Zornow were not authorized by plaintiff, or any other party capable of authorizing transfers out of plaintiff's deposit account.

5.

On or around September 30, 2012, plaintiff became aware of the unauthorized electronic transfers by defendant. On or around the same date, plaintiff notified defendant of the unauthorized transfers.

6.

Plaintiff obtained no benefit from the unauthorized electronic transfers initiated by defendant.

7.

On or around November 8, 2012, Zornow plead guilty to, and was criminally sentenced for, aggravated identity theft, as a result of the unauthorized electronic transfers initiated by defendant at the direction of Zornow. A certified copy of the judgment is attached hereto as Exhibit 1.

### FIRST CLAIM

**(Breach of Contract)**

8.

Plaintiff restates the allegations presented in paragraphs 1-6, above.

9.

The unauthorized electronic transfers caused by defendant constitute a breach of the Contract.

////

COMPLAINT:
Foster v. Key Bank

n:\wpdocs\29034603\complaint.doc\mh:lrjs
8/30/13 5:08:00

EXHIBIT A
Page 4 of 11

10.

As a result of defendant's breach of the Contract, plaintiff has been damaged in the amount of $34,921.05.

**SECOND CLAIM**

**(Electronic Funds Transfer Act)**

11.

Plaintiff restates the allegations presented in paragraph 1-9, above.

12.

At all material times mentioned herein, defendant was and is subject to the Electronic Funds Transfer Act, 15 U.S.C.S. § 1693 et. seq. ("EFTA"). The EFTA governs, *inter alia*, consumers' liability for unauthorized electronic transfers of funds.

13.

The unauthorized transfers by defendant constitute an "error" as the term is defined and used in the EFTA, 15 U.S.C.S. § 1693(f).

14.

Pursuant to plaintiff's request, defendant investigated the unauthorized electronic transfers initiated by defendant at Zornow's discretion. On or around October 15, 2012, defendant contacted plaintiff by letter informing plaintiff of the result of its investigation. In its letter, defendant concludes that plaintiff authorized the transfers defendant initiated. A true and accurate copy of the letter is attached as Exhibit 2.

15.

Defendant failed to conclude its investigation of plaintiff's account within ten (10) days. In addition, defendant failed to provisionally recredit plaintiff's account within ten (10) days of commencing its investigation.

////

COMPLAINT:
Foster v. Key Bank

n:\wpdocs\29034003\complaint.doc\jmh:ljs
8/5/13 5:08:00

EXHIBIT A
Page 5 of 11

GARRETT HEMANN ROBERTSON P.C.
WELLINGTON PROFESSIONAL CENTER
1011 COMMERCIAL STREET N.E.
P.O. BOX 749, SALEM, OREGON 97308-0749
TELEPHONE (503) 581-1501 TELEFAX (503) 581-5891

16.

Defendant did not make a good faith investigation of the alleged errors related to plaintiff's account.

17.

Defendant did not have a reasonable basis for believing that the plaintiff's account was not in error.

18.

Defendant knowingly and willfully concluded that plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to defendant at the time of the investigation.

19.

Plaintiff is entitled to treble damages, pursuant to 15 U.S.C.S. § 1693(f), in the amount of $104,763.15.

20.

Plaintiff is entitled to attorney fees pursuant to 15 U.S.C.S. § 1693(m) and ORCP 68.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.    Treble damages in the amount of $104,763.15.

2.    Attorney fees pursuant to 15 U.S.C.S. § 1693(m) and ORCP 68;

3.    Costs and expenses; and

////

////

COMPLAINT:
Foster v. Key Bank

n:\wpdocs\29034003\complaint.docpmh:kjs
8/5/1315 08:00
EXHIBIT A
Page 6 of 11

4.    Such further or alternative relief in favor of plaintiff as the court deems appropriate.

DATED this 8th day of August, 2013.

GARRETT HEMANN ROBERTSON P.C.

J. Kevin Shuba
(OSB No. 914263)
jkshuba@ghrlawyers.com
Of Attorneys for Plaintiff

Page - 5

COMPLAINT:
Foster v. Key Bank

n:\wpdocs\29034003\complaint.doc\jmk\kjs
8/8/1315:08:00

EXHIBIT A
Page 7 of 11

STATE OF OREGON
Marion County Circuit Court

AUG 04 2012

OCT 0 2012

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

THE STATE OF OREGON )
                    )
        Plaintiff,   )    No. 12C46870
                    )
    vs.             )    INFORMATION
                    )
STEVEN RAY ZORNOW,  )
                    )
(DOB: 01/28/1988)   )
                    )
        Defendant   )

The above named defendant is accused by Walter M. Beglau, District Attorney for the County of Marion, by this information of the crimes of:

Count 01: ORS 165.803  AGGRAVATED IDENTITY THEFT(B Felony)
Count 02: ORS 164.057  AGGRAVATED THEFT IN THE FIRST DEGREE(B Felony)

committed as follows:

COUNT 01 The defendant, on or between September 10, 2012 to October 1, 2012, in Marion County, Oregon, did unlawfully, with intent to deceive and defraud, possess and utter personal identification of Robert Foster, defendant having violated ORS 165.800 in ten or more other separate incidents within a 180-day period.

COUNT 02 In an act of the same or similar character as alleged in Count 1, the defendant, on or between September 10, 2012 to October 1, 2012, in Marion County, Oregon, did unlawfully and knowingly commit theft of money, of the total value of $10,000 or more, the property of Robert Foster.

Dated at Salem, Oregon, this 4th day of October, 2012.

                        WALTER M. BEGLAU
                        Marion County District Attorney

                        By: _____
                        HENRY LOEBE, OSB #78386
                        Deputy District Attorney

I/C
HJL/jct
AGENCY: SMP AGENCY #: 12-38656
IDENTIFIERS:   W/M Ht: 600 Wt: 294 Hair: RED Eyes: BLU  SID: 16981266
INST: MARJ    CNTRL# JMARJ12090229
10/4/2012 COPIES: 1=Defendant; 1=File; 1=mcso

Page 1 of 1 —INFORMATION
D.A.#: 12-9061

WALTER M. BEGLAU
District Attorney for Marion County, Oregon
100 HIGH STREET NE
P.O. BOX 14500
SALEM, OR 97309

EXHIBIT
1

Exhibit  1  page  1  of  3

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF MARION

THE STATE OF OREGON,
　　　　　plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　JUDGMENT
　　vs.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Case # _J2C 46870_
_Zornow, Steven Ray_　　　　　　)
　　　　　defendant　　　　　　　)　　Count # _____1_____

STATE OF OREGON
Marion County Circuit Courts
NOV 06 2012
FILED

Defendant has been convicted of _Felony of Aggravated Identity Theft_, as alleged in Count __ of the
( ) amended indictment/information, by _X_ Guilty plea; ____ No contest plea; ____ Jury/Court verdict; ____ Stipulated facts verdict.
__X__ Defendant is present with legal counsel. _____ Defendant knowingly waived attorney after advice of rights.
The Court finds a presumptive ( ) probationary (X) prison term of __26__ months, with a grid block of CSS: __5__ / CHS: __F__

IT IS HEREBY ORDERED THAT:  THIS (X) IS  ( ) IS NOT  A GUIDELINES SENTENCE. (X) THIS IS A **STIPULATED** SENTENCE.
(X) THIS SENTENCE IS A **PRESUMPTIVE SENTENCE.** ( ) THIS IS A **PERSON CRIME** CONVICTION. ( ) THIS IS A BM11 (ORS 137.700)
CONVICTION.
( ) THIS SENTENCE IS A **DETERMINATE SENTENCE** PURSUANT TO ORS 137.635. (X) THIS IS A ORS 137.717 **PROPERTY CRIMES**
SENTENCE.　　　　　　　　　　　　　　　　　　　　　　　　　_Measure 57_
( ) THIS SENTENCE IS A **DURATIONAL DEPARTURE,** AND THE COURT FINDS SUBSTANTIAL AND COMPELLING REASONS AS STATED
IN THE RECORD.
( ) THIS SENTENCE IS A **DISPOSITIONAL DEPARTURE,** AND THE COURT FINDS SUBSTANTIAL AND COMPELLING REASONS AS
STATED IN THE RECORD.
( ) THIS SENTENCE IS AN **OPTIONAL PROBATIONARY SENTENCE,** AND THE COURT MAKES THE SPECIFIC FINDINGS AS REQUIRED
AND AS STATED IN THE RECORD.
( ) THIS IS A **BALLOT MEASURE 73** CONVICTION.
(X) THE COURT FINDS THAT DEFENDANT HAS BEEN CONVICTED OF A CRIME SPECIFIED IN ORS 137.076 AND THEREFORE ORDERS
THAT DEFENDANT SHALL PROVIDE A BLOOD/BUCCAL SAMPLE AT THE DIRECTION OF MCCC/OSCD.
( ) DEFENDANT SHALL register as a sex offender pursuant to ORS 181.594-181.596.
( ) DEFENDANT shall submit to an HIV test pursuant to ORS 135.139.

STATE OF OREGON
Marion County Circuit Courts
NOV 06 2012
ENTERED

(X) DEFENDANT SHALL BE COMMITTED TO THE CUSTODY OF OREGON STATE DEPARTMENT OF CORRECTIONS/MARION COUNTY
SUPERVISORY AUTHORITY FOR __26__ MONTHS. THE LENGTH OF POST-PRISON SUPERVISION SHALL BE __24__
MONTHS. If defendant violates conditions of post-prison supervision, defendant shall be subject to sanctions including possibility of additional
imprisonment.
　( ) The Court finds beyond a reasonable doubt that defendant used or threatened the use of a **firearm.** The defendant shall serve a mandatory minimum
　　of _____ pursuant to ORS 161.610.
　(X) Defendant **MAY** be considered for various leave, release or program options pursuant to SB 936, SECTION 14 (1997).
　( ) Defendant **MAY NOT** be considered for various leave, release or program options pursuant to SB 936, based upon SUBSTANTIAL AND
　　COMPELLING REASONS AS STATED IN THE RECORD, pursuant to ORS 137.750 or based upon the fact that this is a conviction pursuant to
　　ORS 137.700 (Ballot Measure 11).
　(X) DOC may release the defendant on post-prison supervision under ORS 421.508(4).
　( ) _____

( ) DEFENDANT SHALL BE PLACED ON PROBATION TO  ( ) Marion County Corrections  ( ) Court  ( ) Pursuant to 137.012
　for a period of _____ _____ months with the following conditions comprising the terms thereof:
　DEFENDANT SHALL SERVE THE SANCTION UNITS SET FORTH IN THE ATTACHED CONDITIONS OF PROBATION, IN A
　CORRECTIONAL FACILITY OR AS PART OF A CUSTODY PROGRAM.
　　( ) THE COURT FINDS SUBSTANTIAL AND COMPELLING REASONS AS STATED IN THE RECORD to DEPART on the number of sanction
　　units available for use during the probation term, for a TOTAL OF _____ SANCTION UNITS, WITH _____ UNITS IN THE CUSTODY OF
　　THE MARION COUNTY JAIL.
　　( ) Defendant shall **NOT** receive credit for presentence incarceration.
　(X) Defendant shall obey all municipal, county, state and federal laws.
　( ) Attached conditions of supervision dated _____ are incorporated herein.
　( ) _____
(X) The incarceration shall be served **CONSECUTIVELY** with: (X) any sentence previously imposed. ( ) _____
( ) DEFENDANT IS **SENTENCED** to pay to the Clerk of the Court the amounts designated under the Money Award section, which is
set forth hereafter and by this reference incorporated herein.  DEFENDANT shall advise the clerk of any new address.
(X) State's motion to dismiss is allowed for count(s) _2_
( ) Defendant shall not return to or reside illegally in the United States.
( ) Defendant may be released sooner to the Immigration and Naturalization Service for purposes of deportation.
DEFENDANT stipulates that the following is/are a nuisance and shall be destroyed: _____

IT IS FURTHER ORDERED that the Defendant, having knowingly waived indictment (see attached) stipulates that the following items are hereby forfeited
pursuant to ORS 131.550 – 131.600: _____

_____, and defendant waives all right, title and interest to said property.

IT IS FURTHER ORDERED AND ADJUDGED that: _____

IT IS FURTHER ORDERED THAT ANY WARRANT FILED HEREIN SHALL BE WITHDRAWN.

Exhibit __1__ page _2_ of _3_

JUDGMENT - Page 1 of 2   COPIES: Blue = Court Clerk/MCDC; Green=MCSO/OSCD; Canary=DA; Pink=Def; Goldenrod=Def's Atty   MC28-C/C-35A

Court No. _12C46870_
Count No. ____1____

**MONEY AWARD**

JUDGMENT CREDITOR:   STATE OF OREGON

JUDGMENT DEBTOR(S):   _Zornow, Steven Ray_                                 and
_____, jointly and severally.

ITEMIZED OBLIGATIONS:

Restitution/Compensatory fine, is ordered to be paid to the Court and disbursed to:

$ _____   ( ) _____
                    (name and address of victim or agent)

$ _____   (χ  _State allowed 120 days to submit Restitution_
                    (name and address of victim or agent)

$ _____   (χ Per Restitution Addendum/Compensatory fine attached hereto and by this reference incorporated herein

$ _____   ( ) A $100 bench probation fee  ( ) $35 (Felony surcharge)

$ _200.00_   _____  $ _260.00_  Fine

$ _____   ORS Chapter 163 Assessment     $ _____  of above fine is compensatory

$ _____   MCS/DCS Assessment              $ _____  of fine is waived/suspended upon completion

$ _____   of ORS Chapter 163/MCS/DCS Assessment        treatment/programs/education/community
              are suspended/waived upon completion          service/probation
              treatment/programs/education/community service/probation

$ _820_      Attorney Fees (Costs)  Defendant was found by the Court to be indigent, counsel was appointed and defendant shall pay
              costs pursuant to ORS 161.665 [less any previously court-ordered contribution]

$ _____   of Attorney Fees are waived/suspended upon completion treatment/programs/education/community service/probation

$ _1080.00_   TOTAL AMOUNT OF MONEY AWARD

Defendant shall pay this Money Award to the Court as follows:

_____  Make payments in accordance with a schedule of payments established by the Court's Collection Office.

  χ      Pay this balance immediately; any unpaid portion upon release from incarceration shall be paid at a rate determined by Department of
         Corrections and/or Board of Parole and Post Prison Supervision

IT IS FURTHER ORDERED that: _____
_____
_____
_____

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk apply payment upon this money award as provided by law and apply any bail or security
on deposit herein toward this money award and, to the extent permitted by law, disburse them first to compensatory fines, then to restitution, Crime
Victim Assessment, fines, assessments, fees and then to other costs adjudged herein.

Judge _Broyles_
Ct. Rptr. _Video_
DDA _Loebe_
Def Atty _Salmi_
Arresting Agency _Snp_
Crime Date _9-10-12 / 10-1-12_
Control Number _JMAR112090229_

DATED this _6_ day of _November_, _2012_

_Audrey J Broyles_
CIRCUIT COURT JUDGE

NOTICE TO THOSE OWING MONEY TO THE COURT: The law allows fees to
recover administrative and collection costs to be automatically added and collected,
without further notice to you or action by the court, when the court has to establish a
payment account, refer a matter for collection, or send DMV a suspension notice.

Judgment - Page 2 of 2 COPIES: Blue=Court Desk/MCDC; Green=MCSO/OSCD; Canary=DA; Pink=Def; Goldenrod=Atty

MC28-C/C 35B
Rev3/10

Exhibit _1_ page _3_ of _3_
EXHIBIT A
Page 10 of 11



October 15, 2012

RE: 544927******9764



**Card Fraud Services**
Mail Code WA-31-01-0375
1101 Pacific Ave
P.O. Box 1816
Tacoma, WA 98401-1816
Fax: 866-622-6394

ROBERT FOSTER
4820 SAN GABRIEL CT NE
SALEM, OR 97305-2640

Dear ROBERT FOSTER:

Your business is important to us and we are committed to providing you with excellent service. We have received your inquiry regarding the transaction(s) listed on the attached page.

We have reviewed the information you sent to us regarding this dispute on your debit card as well as in subsequent phone conversations. During our phone conversation on October 2, 2012, you stated that the suspect was able to conduct these transactions after copying down your debit card number while he was living in your home. However, during our phone conversation on October 5, 2012, you stated your physical card went missing from September 12, 2012 through September 16, 2012 and then the suspect returned the card to you. This claimed theft was not reported to KeyBank until September 30, 2012. Also during our phone conversations, you stated that you had never allowed the suspect to use your debit card and yet the suspect had been paying bills for you using your debit card. Lastly, the branch withdrawal on September 13, 2012 that you claimed as fraudulent, which photos prove was done by the suspect, was found to be a valid transaction. A branch employee identified you outside of the branch and had you sign the withdrawal slip allowing the suspect to make that transaction. Based upon the information you provided KeyBank, we have found conflicting information and have reason to believe that the transactions in question were in fact authorized. Consequently, no credit will be issued to your account and we now consider this matter closed.

If you have any questions, or would like to request copies of the documentation we relied upon in making this determination, please feel free to contact us toll-free at 1-888-423-8757, extension 8138605, Monday through Friday from 5:00am to 5:00pm PST.

Best Regards,

*Rachel L*

Rachel L
Card Fraud Services

KEY00001373516101

© 2005 KeyCorp

EXHIBIT

2

Exhibit 2 page 1 of 1

EXHIBIT A
Page 11 of 11

1
2
3
4          IN THE CIRCUIT COURT OF THE STATE OF OREGON
5                    FOR THE COUNTY OF MARION

6  ROBERT L. FOSTER,
7              Plaintiff,                    No. 13C19281
8      vs.
                                             NOTICE THAT ACTION HAS BEEN
9  KEYBANK NATIONAL ASSOCIATION,             REMOVED
10             Defendant.
11
12  **TO: CLERK OF THE ABOVE-ENTITLED COURT**
13       Pursuant to 28 USC § 1446(a), defendant KeyBank National Association ("KeyBank")
14  filed a Notice of Removal in the United States District Court for the District of Oregon on
15  September 6, 2013. A file-stamped copy of that Notice is attached as Exhibit 1.
16       The filing of the Notice effects removal of this case, and, pursuant to 28 USC § 1446(d),
17  "the State court shall proceed no further unless and until the case is remanded."
18       Dated this 6th day of September, 2013.
19                                      SCHWABE, WILLIAMSON & WYATT, P.C.
20
21                              By:  _____
22                                      Joel A. Parker, OSB #001633
                                        jparker@schwabe.com
23                                      David A. Anderson, OSB #092707
                                        danderson@schwabe.com
24                                      Facsimile: 503.796.2900
                                        Of Attorneys for Defendant,
25                                      KeyBank National Association
26

Page 1 -    NOTICE THAT ACTION HAS BEEN REMOVED

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave , Suite 1900
Portland, OR 97204
Telephone: 503 222 9981

PDX\027890\192179\DAA\12210662.1

EXHIBIT B
Page 1 of 1

**Joel A. Parker**, OSB #001633
Email: jparker@schwabe.com
**David A. Anderson**, OSB #092707
Email: danderson@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

        Attorneys for


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| **ROBERT L. FOSTER,** | No. _____ |
| Plaintiff, | Electronic Funds Transfer Act |
| vs. | |
| **KEYBANK NATIONAL ASSOCIATION,** | NOTICE TO PLAINTIFF OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION) |
| Defendant. | |

**TO:   PLAINTIFF ROBERT L. FOSTER**

Please take notice that on September 6, 2013, defendant KeyBank National Association

("KeyBank") removed this action from the Circuit Court of the State of Oregon, County of

Marion, to the United States District Court for the District of Oregon, under Federal Case No.

_____. KeyBank is the only defendant in this matter so all defendants consent to this removal.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

EXHIBIT C
Page 1 of 2

A copy of the Notice of Removal filed in the Office of the Clerk of the United States
District Court for the District of Oregon, dated September 6, 2013, is attached.  A copy of this
Notice has also been filed with the Clerk of the Marion County Circuit Court of the State of
Oregon.

Dated this 6th day of September, 2013.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:    _____
          Joel A. Parker, OSB #001633
          David A. Anderson, OSB #092707
          Telephone: 503.222.9981
          Facsimile: 503.796.2900
          Of Attorneys for Defendant,
          KeyBank National Association

Page 2 -    NOTICE TO PLAINTIFF OF REMOVAL OF ACTION
            UNDER 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL
            QUESTION)
PDX\027890\192179\DAA\12210701.1

SCHWABE, WILLIAMSON & WYATT, P.C
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

EXHIBIT C
Page 2 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2013, I caused to be served the

foregoing NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441, AND 1446

(FEDERAL QUESTION) on the following party at the following address:

> J. Kevin Shuba
> Garrett Hemann Robertson P.C.
> 1011 Commercial St NE
> PO Box 749
> Salem, OR  97308-0749
> E-Mail: jkshuba@ghrlawyers.com
>
> *Of Attorneys for Plaintiff*

by:

| | |
|---|---|
| ☒ | U.S. Postal Service, ordinary first class mail |
| ☐ | U.S. Postal Service, certified or registered mail, return receipt requested |
| ☐ | hand delivery |
| ☐ | facsimile |
| ☐ | electronic service |
| ☐ | other (specify) _____ |

_____
Joel A. Parker, OSB #001633

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\027890\192179\DAA\12210637.1